## 15111

COAKLEY v. TIDEWATER CONSTRUCTION CORP. *ET AL.*

(9 S E. (2d), 724)

*Messrs. S. S. Seideman* and *H. L. Erckmann,* for appellant,

*Messrs. Barnwell & Whaley,* for respondent,

June 25, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Alfred Johnson was an employee of Tidewater Construction Corporation, and met his death by accident arising out of and in the course of his employment. He was a Negro

about 18 years of age, and left no dependents under the terms of the Workmen's Compensation Act. In a proceeding under that act, in which compensation was demanded on account of his death, the South Carolina Industrial Commission awarded one-half of the compensation to the respondent, Beatrice Gadsden Coakley, an illegitimate half-sister; and one-half to the appellant, Primus Johnson, the putative father of the deceased.

Upon exceptions being taken to the Circuit Court from this award by the respondent, the findings and conclusions of the Commission were reversed. That Court issued its decree, holding that Primus Johnson was not legally entitled to any part of the award, and that Beatrice Gadsden Coakley should receive the entire amount. The Tidewater Construction Corporation and American Mutual Liability Insurance Company, the surety, have not appealed from this judgment. The record shows that they are merely stakeholders, prepared to pay the compensation to whoever the Court awards it. Primus Johnson has appealed, and the sole question before the Court is to determine who is entitled to receive the compensation under the act. The respondent contends that she is the sole beneficiary of the fund. The appellant claims that he should be awarded one-half thereof.

The deceased, Alfred Johnson, was the bastard son of Primus Johnson and Toodie Polite, both Negroes, so that Primus Johnson claims as the father of his illegitimate child. Beatrice Gadsden Coakley, aged about 16 years, is the illegitimate daughter of Toodie Polite by a man other than Primus Johnson, so that she claims as the illegitimate half-sister of the deceased. Toodie Polite died some time in the year 1925.

Appellant bases his claim under Section 7035-40 of the Workmen's Compensation Act (Code Supp., 1936), which reads as follows: "If a deceased employee leaves no dependents, the employers shall pay to the next of kin as herein defined the commuted amount provided for in § 7035-38 of this article for whole dependents, less burial expenses

which shall be deducted therefrom but if the deceased left no next of kin as herein defined, then one-half of said commuted amount shall be paid to the industrial commission to be held and disbursed by it in the manner hereinafter provided. One-half of said amount shall be retained by the industrial commission and the other one-half paid to the personal representative of the deceased to be by him distributed to the next of kin as defined in the statutes of distribution but if there be no next of kin as defined in the statutes of distribution, then the personal representative shall pay the same to the industrial commission after payment of costs of administration. For the purpose of this section the term *'next of kin'* shall include only the father, mother, widow, child, brother or sister of the deceased. * * * " (Italics added.)

It is an admitted fact that Primus Johnson was the actual father of the deceased, who, as stated, left no dependents. The Act provides that if the deceased employee leaves no dependents, the employer shall pay to the *next of kin as herein defined.* By the last sentence of the Act quoted above, it is provided: "For the purpose of this section the term 'next of kin' shall include only the father, mother, widow, child, brother or sister of the deceased." It is argued by appellant, therefore, that the Commission was correct in awarding one-half of the compensation to Primus Johnson, the admitted father of the deceased, although he was not the legitimate father.

Despite the contrary view presented by the appellant, we agree with the Circuit Court that the right to receive compensation established under Section 7035-40 must be interpreted in the light of common-law rules insofar as they apply to the father's receiving compensation on account of the death of his bastard child. For it is to be presumed that no change in the common law was intended by any statute unless the language employed clearly indicates such intention. The rules of the common law are not to be changed by doubtful implication, or over-

turned except by clear and unambiguous language. *Nuckolls v. Great Atlantic & Pacific Tea Company,* 192 S. C., 156, 5, S. E. (2d), 862.

Under the harsh philosophy of the common law, an illegitimate child is not the kindred of any person, and can acquire and transmit no rights of inheritance except such as may result from its own marriage. Appellant, however, contends that common-law rules have no application here; that the act in question should be construed to mean that the word "father" appearing therein includes not only a legitimate father, but a putative or actual father.

While the Workmen's Compensation Act should be liberally construed, words should be given their established legal meaning, or the meaning which the Legislature intended. 71 C. J., Section 68, page 355. In the absence of some express or clearly implied provision in the statute to the contrary, the term "child" as used in the Workmen's Compensation Act, includes only legitimate children. 71 C. J., Section 295, page 543.

Where the statute uses a word having a well-recognized meaning in law, the presumption is that the Legislature intended to use the word in that sense. Thus, where the word "father" is used in defining "next of kin", in Section 7035-40 of the Act, it necessarily connotes and comprehends what the law has always recognized as a father. A putative or natural father has never been recognized in law as embraced within the legal relationship of parent and child. A reading of the Act in question does not, in our opinion, show any legislative intent to change the rule in this respect. It has invariably been held at common law that when an illegitimate dies intestate only his lineal descendents may inherit from him. *Barwick v. Miller,* 4 Desaus., S. C., 434; *Jones v. Burden,* 4 Desaus., S. C., 439; *Gibson v. Rikard,* 143 S. C., 402, 141 S. E., 726, 729. It was said in *Gibson v. Rikard, supra:* "At common law, a child born out of wedlock was regarded as *filius nullius,* and as consequently bearing no relationship to any person other

than his own offspring. Consequently he could be the heir neither of his own father or mother, nor of any other person, and no persons could inherit from him except the heirs of his own body. * * *"

And it was further said in *Gibson v. Rikard, supra,* quoting from Section 41 of 7 C. J., at page 959: "Where, therefore, a statute makes use of the word 'children', it must of necessity be construed to mean such as the law recognized as children * * *." And we may add that the same meaning applies where a statute makes use of the word "father." In other words, "father, mother, widow, child, brother or sister", found in Section 7035-40 of the Act, comprehends only legitimate relationships and such as the law recognizes as "father, mother, widow, child, brother or sister"; and does not include illegal relationships.

The appellant maintains that where the deceased left no "next of kin", as defined in the Act, then under the Act one-half of the award must be given to the Industrial Commission and one-half to the personal representative of the deceased, to be distributed amongst the next of kin as defined in the statute of distributions. That is to say: If the appellant cannot come within the definition of the Act, then neither can the respondent, because both bear to the deceased an illegitimate relationship.

We concur in the view announced by the Circuit Court that appellant, Primus Johnson, under the authorities cited, is not entitled to receive any part of the award on account of the death of his bastard son. But by statute the General Assembly has clearly changed the common law as respects the respondent. Section 8913, Code of 1932, as amended by the Acts of the General Assembly of 1934, Page 1419, provides: " * * * illegitimate children of the same mother shall have the same right to inherit from each other that they would have had they been legitimate * * *."

In the eyes of the law, the respondent as the sister of Alfred Johnson, deceased, and under Section 7035-40, is the

sole next of kin of the deceased, and as such is entitled to the entire award on account of her brother's death.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.