## 16081

STATE *EX REL.* WILLIAMSON v. WANNAMAKER *ET AL.*
(48 S. E. (2d) 601)

2

*Messrs. C. T. Graydon* and *Wise, Whaley & McCutchen,* of Columbia, for Appellant,

4

*Messrs. John M. Daniel, Attorney General,* and *T. C. Callison* and *J. Monroe Fulmer, Assistant Attorneys General,* all of Columbia, and *Mr. Samuel Want,* of Darlington, for Respondents,

*Messrs. C. T. Graydon* and *Wise, Whaley & McCutchen,* of Columbia, for Appellant, in reply,

May 20, 1948.

FISHBURNE, J.: This action was brought by the plaintiff to determine title to office, and comes before this Court on appeal from the judgment of the lower court sustaining the demurrer filed by the defendants to the complaint.

On the 31st day of March, 1945, J. Stanley Williamson was appointed to the office of Chief Highway Commissioner of the State of South Carolina, as provided by Section 5868 of the Code. In accordance with the foregoing section, Williamson was appointed by the State Highway Commission for the full term of four years. He promptly qualified by giving bond as provided by the statute, and entered upon the duties of his office. At a regular meeting held on July 17, 1947, the State Highway Commission by a majority vote undertook to remove, and did remove, the appellant from his office as Chief Highway Commissioner and immediately thereafter appointed the respondent, C. R. McMillan, in his place. The appellant was given no notice that he was to be removed from his office, was not served with any formal charges or grounds for removal, and was not afforded any opportunity to be heard in his defense.

Mr. Williamson had served as Chief Highway Commissioner for the preceding six and one-half years, and prior to that time as an employee in the State Highway Department for twenty years or more. During his incumbency as Chief Highway Commissioner no action taken by him in the discharge of his duties had ever been reviewed or reversed by the Commission, nor had any decision made by him in connection therewith been overruled.

After making the foregoing recitals, the complaint alleges that at the meeting of the State Highway Commission held on July 17, 1947, the appellant demanded that he be

furnished with some formal ground or complaint, constituting a basis for his removal, but the Commission refused so to do, and proceeded to summarily oust him from office without preferment of any charges at all. The appellant asserts that he is still the legal holder of the office of Chief Highway Commissioner, has tendered his continuing services as such to the Commission, and alleges that the respondent, C. R. McMillan, who, by the action of the Commission, has displaced him, now unlawfully holds and exercises the office of Chief Highway Commissioner. Attached to the complaint, and made a part thereof, are two exhibits which contain the minutes of the proceedings had at the meeting, and the resolution adopted by the State Highway Commission discharging the respondent from his office.

On the part of the plaintiff the contention is made that his term of office has been declared by the statute to be for a fixed period of four years; that his term has not expired; that he does not hold the office subject to the arbitrary will or discretion of the Commission, and, therefore, could not be legally removed except for cause and after an opportunity to be heard. When this case came before the lower court it was there held, in accordance with the claim of respondents, that under Section 5868 of the Code the State Highway Commission had the right and power to remove the Chief Highway Commissioner at its pleasure, and that the latter accepted the office subject to this power.

Article 1, Section 11, of the Constitution provides: "No person shall be elected or appointed to office in this State for life or during good behavior, but the terms of all officers shall be for some specified period, except Notaries Public and officers in the militia."

The office of Chief Highway Commissioner is not one provided for in the Constitution. It, like that of the State Highway Commission itself, is created by statute. It is conceded that the Legislature, in creating the

office of Chief Highway Commissioner, had the right, subject to the constitutional restriction, to declare the term or tenure thereof, and to specifically empower the Commission to remove the incumbent at will or pleasure without assigning any cause.

To determine whether the State Highway Commission was clothed by the legislature with the absolute power of arbitrary dismissal, we turn to the construction of Section 5868 of the Code, and we deem it best to set forth this section in its entirety. It reads as follows:

"The state highway commission is hereby authorized and directed to appoint a chief highway commissioner who shall be the administrative and executive head of the state highway commission to act when the highway commission is not in session with all the powers and rights that belong to the said commission, but any act of the chief highway commissioner shall be subject to review or reversal by the state highway commission or a majority thereof. *The term of office of the chief highway commissioner shall be four years, and the person appointed to this position shall be a citizen of practical and successful business and executive ability, and his compensation shall be fixed by the highway commission which shall not exceed $6,000.00 per annum. The right to remove or discharge the chief highway commissioner is hereby reserved to the members of the state highway commission, or a majority thereof.* The chief highway commissioner shall devote his full time to the duties of this office, and immediately upon qualification shall give a bond to the State of South Carolina in the sum of fifty thousand ($50,-000.00) dollars for the faithful performance of his duties. All moneys expended by the highway commissioner shall be upon the authority and approval of the highway commission and all authority for the appointment of employees heretofore vested in the state highway engineer and the secretary of the highway commission is hereby vested in the chief highway commissioner who shall make all appoint-

ments with the consent or approval of the members of the highway commission, or a majority thereof, as he may find necessary for the proper conduct of the department." (Emphasis added.)

The appellant contends that the statute is to be construed in accordance with its language as creating a fixed term for the office of Chief Highway Commissioner, marked by a definite number of years for its duration. The power of the Commission to remove is not denied. It is the exercise of the manner of removal which is in question. The respondents argue that the statute is susceptible of interpretation as meaning that the office of Chief Highway Commissioner is one having an indefinite term, made so by the inclusion of the right to remove; and, therefore, confers upon the Commission the unquestioned power to remove or discharge the incumbent at will.

At common law, an officer could only be removed for cause and after a hearing. Throop on Public Officers 358, *State v. Rhame*, 92 S. C. 455, 75 S. E. 881, Ann. Cas. 1914-B, 519. This result followed from the English rule that offices were incorporeal hereditaments and one might have an estate in them. The American conception of a public office is that of a public trust or agency created for the benefit of the people. Under this rule the incumbent has no property right but the office is to be administered under legislative control in the interest of the people. Where an office is created by statute, it is wholly within the control of the legislature and "is taken in further view of all the vicissitudes of legislative action, including removal for such cause as the legislative assembly may deem sufficient." *State ex rel. Bullock v. District Court*, 62 Mont. 600, 205 P. 955, 957.

It is a general rule that when the term or tenure of a public officer is not fixed by law, and the removal is not governed by constitutional or statutory provision, the power of removal is incident to the power to ap-

point. In other words, the appointing power, where the term is not fixed by law, may remove the appointee at pleasure and without notice or opportunity to be heard. *State v. Ansel,* 76 S. C. 395, 57 S. E. 185, 11 Ann. Cas. 613. 43 Am. Jur. Sec. 183, Page 31. But the extent of the power and the manner of its exercise are to be determined by the wording of the applicable statute.

If the legislature does not designate the term of the office, the appointee will hold only at the will of the appointing power, and may be removed at any time without notice or hearing. 43 Am. Jur. Sec. 184, Page 32. This rule has been declared by our Court in *Sanders v. Belue,* 78 S. C. 171, 58 S. E. 762. In that case the Court held that the power of removal at pleasure is incident to the power of appointment, *unless the law provides duration of the official term* or mode of removal. To the same effect is *Walker v. Grice,* 162 S. C. 29, 159 S. E. 914.

It will be noted that the statute under consideration (5868) fixes the official term at four years but makes no provision governing the manner of removal. The theory of the complaint in the case at bar is that the power to remove under such circumstances was not to be exercised at will or discretion, but was the power merely to remove for cause since the office was for a fixed and definite term.

We entertain no doubt that the statute fixes a definite duration of four years for the office of Chief Highway Commissioner. Following the provision as to tenure, Section 5868 provides "The right to remove or discharge the chief highway commissioner is hereby reserved to the members of the state highway commission, or a majority thereof." We may say in passing, that we ascribe no special significance to the word "discharge." In our opinion it is here used as synonymous with "remove."

The rule, supported by authorities too numerous to cite, is that the power of removal is not incident to the power of appointment where the extent of the

tenure of office is fixed by the statute. In the absence of any provision for summary removal, expressed in terms as being at will or words of similar import, appointments for a fixed term of years cannot be terminated except for cause. It is the fixity of the term that destroys the power of removal at pleasure. 43 Am. Jur. Sec. 183, Page 32; Annotations 99 A. L. R. 336, 363, 119 A. L. R. 1437.

The reason of this rule is the evident repugnance between the fixed term and the power of arbitrary removal. The effect is, that the right to hold during a fixed term, unless removed for cause, can only be overcome by an unequivocal grant of power to remove at pleasure. *Sanders v. Belue,* 78 S. C. 171, 58 S. E. 762.

The nearest approach to the case at bar is found in *Hallgren v. Campbell,* 82 Mich. 255, 46 N. W. 381, 9 L. R. A. 408, 21 Am. St. Rep. 557. In that case the title to office of the Street Commissioner was in question. He had been removed without notice or hearing. The City Charter provided that he should hold his office for the term of one year and further provided (we quote the relevant portion) "Any person appointed to office by the Council by authority of this Act may be removed therefrom by a vote of the majority of the Aldermen-elect * * *." It will be noted that this provision is substantially the same as our Section 5868 dealing with removal. The Michigan Court held that where an officer is appointed for a fixed term, and the power of removal is not expressly declared by law to be discretionary, he cannot be removed except for cause; and when cause must be assigned for his removal, he is entitled to notice and a chance to defend. It was further decided that the legislature might, by express words, confer upon the Common Council of a city the power to remove an officer without cause; but in the absence of such power given in express words, the presumption is, that the legislature intended that every officer appointed for a fixed term should be entitled to hold his office until the expiration of such term, unless

removed therefrom for cause after a fair trial. The mere power to remove, without more, did not justify an arbitrary and summary removal without a hearing.

Attention is directed to the fact that in Section 5868, authorizing the appointment of a Chief Highway Commissioner, and fixing a definite term, the power of removal is not expressly declared by law to be discretionary or at pleasure. There is nothing in the section directly or impliedly authorizing the Commission to remove or discharge arbitrarily or summarily without a hearing. In the following Section (5869) which provides for the appointment of a State Highway Engineer by the Commission, no definite term of office is fixed. And, in accordance with the terms of the statute, the State Highway Engineer may be removed at the discretion of the Commission.

However, both on principle and on authority, fixity of term, as hereinabove pointed out, may only be a circumstance indicating legislative intent and may be overthrown by other clear indicia of intention, as well as by definite language.

For instance, in *State v. Ansel,* 76 S. C. 395, 57 S. E. 185, 11 Ann. Cas. 613, the Governor summarily removed from office the three directors of the State Dispensary. The applicable law provided (Section 556, Criminal Code) that "The term of office of the members of said Board (Directors of the State Dispensary) shall be for two years, unless sooner removed by the Governor." It was held that under this language—"unless sooner removed by the Governor"—power was conferred on the Governor to remove at his discretion, and that the directors of the State Dispensary accepted the office subject to the power of summary removal. But Section 5868, now under consideration, contains no such significant phraseology.

On the record before us it is admitted that the appellant was not notified to appear and show cause why he should not be removed nor was he given a hearing, upon charges,

before he was dismissed. While no formal charges were preferred, it appears from the exhibit attached to the complaint that a majority of the State Highway Commission voted for his removal because of alleged inefficiency and incompetency. The resolution of removal so states. All of this implies censure and condemnation and may seriously affect the appellant in his good name, standing and reputation.

In our opinion, section 5868 does not authorize summary removal at the pleasure of the Commission where the incumbent holds office for a fixed and definite term. This power is not granted to them in express language nor by necessary implication, and we hold that the action of the Commission in removing the appellant was wholly unwarranted in law. We, of course, have nothing to do with the merits of this situation. Our determination bears only upon the legal issue presented by the pleadings, and that is whether or not the removal of the appellant may be legally effected at the will and pleasure of the Commission, and without reasonable opportunity to be heard. In our opinion, such removal cannot be justified under the statute and is null and void.

There is some suggestion in respondents' brief that the Chief Highway Commissioner of the State of South Carolina is not a public officer but is a mere employee. Various definitions have been given of the words "office" and "officer." It seems to be well settled that when the legislature creates the position, prescribes the duties, and fixes the compensation, and these duties pertain to the public and are continuing and permanent, not occasional or temporary, such position or employment is an office and he who occupies it is an officer. Then there are numerous criteria, which, while not in themselves conclusive, are yet held to indicate more or less strongly the legislative intent to create or not to create an office. *Willis et al. v. Aiken County*, 203 S. C. 96, 26 S. E. (2d) 313, 315.

It was held in the foregoing case:

"It may be stated as a general rule, fairly deducible from the many cases discussing the question, that a position is a public office when it is created by law, with duties cast upon the incumbent which involve an exercise of some portion of the sovereign power, and in the performance of which the public is concerned, and which also are continuing in their nature, and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements." Annotations, 93 A. L. R. 333, 140 A. L. R. 1076.

We think it too clear for argument that the office of Chief Highway Commissioner constitutes a public office and the incumbent a public officer.

Under our statute (Section 5868), if the intention of the legislature is clear to grant removal of the appointee at the pleasure or will of the appointing power, the Court is in duty bound to give it effect; but if it is doubtful, as we deem it to be in the case at bar, the doubt will be resolved against the existence of arbitrary power and in favor of a hearing before removal. The cause is remanded for such further proceedings as the parties may be advised in conformity with the views herein expressed.

Judgment reversed.

STUKES, TAYLOR, and OXNER, JJ., concur.

BAKER, C. J., concurs in result.

BAKER, C. J. (concurring) : I concur only in the result of the opinion of the Court, and solely on the ground that the statute fixing the term of office of the Chief Highway Commissioner does not specifically provide for summary removal, thereby bringing the case within the general rule that a term of office fixed by statute cannot be cut down by the appointing power without a showing of cause, and the granting of a hearing conforming to the constitutional requirements of due process.