2522

The STATE, Respondent v. Graham Davie BRIDGERS, III, Appellant.

(473 S.E. (2d) 829)

Court of Appeals

*Assistant Appellate Defender Robert M. Dudek*, of the *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott*, Columbia; and *Solicitor Dudley*

*Saleeby, Jr.,* Florence, *for respondent.*

Heard Apr. 3, 1996.

Decided June 17, 1996; Reh. Den. Aug. 22, 1996.

*Per Curiam:*

Bridgers was indicted for violating S.C. Code Ann. § 16-3-1040 (Supp. 1995) by threatening to kill Cpl. Jack Chamberlain of the South Carolina Highway Patrol. His attorney moved to quash the indictment on the ground the statute did not cover a highway patrol officer as a "public official." The court denied the motion. The jury convicted Bridgers and he was sentenced to five years, suspended upon probation for five years, with 500 hours of community service. We reverse.

Bridgers' automobile was involved in an accident and left the scene. Witnesses gave the license plate number to the Highway Patrol. Cpl. Chamberlain and two other officers went to Bridgers' home to investigate. According to Cpl. Chamberlain, Bridgers appeared to be intoxicated; Bridgers cursed him and wanted to fight. Bridgers allegedly stated: "I'm going to get my gun. I'm going to come to your home in Lake City and I'm going to kill you." He also mentioned Chamberlain's family. Chamberlain arrested him for threatening to kill a police officer.

The sole issue on appeal is whether a highway patrol officer is a public official within the meaning of S.C. Code Ann. § 16-3-1040 (Supp. 1995), which provides:

> It is unlawful for any person to knowingly and wilfully deliver or convey to a public official or to a teacher or principal of an elementary or secondary school . . . any verbal . . . communication which contains any threat to take the life of or to inflict bodily harm upon the public official, teacher, or principal or members of their immediate families. . . . For purposes of this section: (1) 'Public official' means any elected or appointed official of the United States or of this State or of any county, municipality, or other political subdivision of this State.
>
> In determining whether an individual is a public official at common law, particularly as it relates to prosecution for misconduct in office, the courts have focused on the

existence of a duty owed to the public. For example, in *Sanders v. Belue*, 78 S.C. 171, 58 S.E. 762 (1907), where a superintendent appointed by a county board was held to be a public officer, an important factor in the court's analysis was that the public be concerned about the performance of the official's duties. Similarly, in two cases dealing with Highway Department officials, the court examined the extent the defendant's duties pertained to the public interest. *See State v. Wannamaker*, 213 S.C. 1, 48 S.E. (2d) 601 (1948); *State v. Thrift*, 312 S.C. 282, 440 S.E. (2d) 341 (1994). As noted in *Thrift*, "(a)lthough not appointed or elected to office by the public or specific arm of the government, the duties of the indicted Highway Department officials were of great concern to the public at large." 312 S.C. at 309, 440 S.E (2d) at 356. *See also State v. Crenshaw*, 274 S.C. 475, 266 S.E. (2d) 61 (1980) (a city police officer is a public official under the common law analysis).

Under the test articulated by our Supreme Court in the above cases dealing with criminal prosecutions for public misconduct, Cpl. Chamberlain, as a highway patrol officer, would be considered a public official. However, he is not a public official within the clear meaning of S.C. Code Ann. § 16-3-1040 (Supp. 1995). The definitional section of that statute expressly defines a public official as "any elected or appointed official of the United States or of this State." The common law test for determining whether an individual is a public official in the context of criminal prosecution has no application where the statute itself undertakes to define the term "public official." Highway Patrol officers, not being "elected or appointed," cannot be considered public officials within the meaning of § 16-3-1040.[1]

Moreover, S.C. Ann. § 16-3-1040 (Supp. 1995) is penal in nature and therefore must be strictly construed against the State and in favor of the defendant. *State v. Blackmon*, 304 S.C. 270, 403 S.E. (2d) 660 (1991); *State v. Gore*, — S.C. —, 456 S.E. (2d) 419 (Ct. App. 1995) citing *Williams v. State*, 306 S.C. 89, 410 S.E. (2d) 563 (1991). The General Assembly amended § 16-3-1040 in 1990 to extend the provisions of this section to teachers and principals of elementary and secondary schools, who, like highway patrol officers, are neither elected nor appointed. If highway patrol officers are to

---

[1] *But see* 1984 Op. S.C. Att'y. Gen. No. 84-103 at 241.

come within the scope of § 16-3-1040, that decision must the made by the General Assembly, not by this Court.

Therefore, the trial judge's decision not to quash the indictment must be

Reversed.

HOWELL, C.J., CONNOR and HEARN, JJ., concur.