478 S.E.2d 86

**The STATE, Respondent,**

v.

**Dell Layfette CARTER, Appellant.**

**No. 2563.**

Court of Appeals of South Carolina.

Submitted Aug. 16, 1996.

Decided Oct. 7, 1996.

Rehearing Denied Nov. 21, 1996.

Chief Attorney Daniel T. Stacey, of S.C. Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Columbia, and Solicitor Thomas E. Pope, York, for respondent.

GOOLSBY, Judge:

Dell Layfette Carter was indicted for attempted armed robbery, assault with intent to kill, use of a deadly weapon during a violent crime, and threatening a public official. At trial, the jury was unable to agree on the first three charges, but found Carter guilty of the crime of threatening a public official. Carter appeals the conviction. We affirm.[1]

The indictment charged Carter with "wilfully, unlawfully and knowingly delivering or conveying to a public official, to-wit: Officer R.L. Ervin, a verbal communication which contained threats to take the life or to inflict bodily harm upon the said victim" in violation of S.C.Code Ann. § 16–3–1040 (1985 and Supp.1995). The alleged victim, Rayford L. Ervin, Jr., was a police officer for the City of Clover.

At trial, Officer Ervin testified he was investigating the attempted armed robbery with which Carter was later charged. The suspect had entered Rick's Party Shop, come over the counter holding a butcher knife, and demanded money from the manager. She refused, pushed the suspect away, and ran toward the door. The suspect followed the manager with the knife, but she was able to escape into the street.

---

1. Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Ervin went to Rick's Party Shop, where he received a description of the suspect. He then proceeded to an area where he had been told the suspect had gone. At some point, Ervin saw Carter come out of the woods. Ervin approached Carter and made him lie down in the roadway. Carter started to argue. Eventually, two other police officers came to the scene. Ervin and the other officers testified Carter threatened to "shoot [Ervin's] fat ass."

At the close of the evidence, Carter moved for a directed verdict. The trial court denied the motion and further ruled it would charge that a police officer is considered a public official.

Carter argues on appeal Officer Ervin was not a public official as that term is defined in S.C.Code Ann. § 16–3–1040 (1985 and Supp.1995) and, therefore, the trial court should have directed a verdict on the charge of threatening a public official. We disagree.

S.C.Code Ann. § 16–3–1040 (1985 and Supp.1995) states in pertinent part as follows:

> It is unlawful for any person to knowingly and wilfully deliver or convey to a public official ... any letter or paper, writing, print, missive, document, or electronic communication or any verbal or electronic communication which contains any threat to take the life of or to inflict bodily harm upon the public official....
>
> (1) "Public official" means any elected or appointed official of the United States or of this State or of a county, municipality, or other political subdivision of this State.

■ This court recently addressed the question of whether an individual is a public official within the meaning of § 16–3–1040 in *State v. Bridgers*, 323 S.C. 185, 473 S.E.2d 829 (App.1996) (Davis Adv.Sh. No. 16 at 11). In *Bridgers*, this court held that highway patrol officers cannot be considered public officials within the meaning of § 16–3–1040 because they are not "elected or appointed." In contrast, however, municipal police officers are elected or appointed to their positions. *See* S.C. Const. art. V, § 24 (the South Carolina General Assembly may provide by law for "the selection, duties, and compensation of other appropriate officials to

enforce the criminal laws for the State...."); S.C.Code Ann. § 5–7–110 (1977 and Supp.1995) ("Any municipality may appoint or elect as many police officers, regular or special, as may be necessary for the proper law enforcement in such municipality and fix their salaries and prescribe their duties."). *See also* 1984 Op. S.C. Att'y Gen. No. 84–103 (a police officer is included within the definition of a "public official" as set forth in § 16–3–1040).

Carter also argues the trial court erred in denying his motion to sever the charge of threatening a public official from the other three charges. We disagree.

The grant of a motion for severance is within the trial court's discretion. *State v. Allen,* 269 S.C. 233, 237 S.E.2d 64 (1977). Joinder is proper if the offenses (1) are of the same general nature or character and spring from the same series of transactions, (2) are committed by the same offender, and (3) require the same or similar proof. *City of Greenville v. Chapman,* 210 S.C. 157, 41 S.E.2d 865 (1947).

Here, all the offenses for which Carter was tried arose from the same transaction. The evidence presented to prove the charges of attempted armed robbery, possession of a knife during the commission of a violent crime, and assault with intent to kill was also used to establish the officers' presence at the location where they observed Carter and Carter's belligerent behavior toward Officer Ervin during the apprehension. Furthermore, the jury was unable to convict Carter of any of the other pending charges, and Carter has not shown any other prejudice resulting from the joinder of the offenses. Under these circumstances, the trial court acted within its discretion in refusing to sever the charge of threatening a public official from the other three charges.

AFFIRMED.

HUFF and HOWARD, JJ., concur.