495 S.E.2d 196

**The STATE, Petitioner,**

v.

**Graham Davie BRIDGERS, III, Respondent.**

**No. 24728.**

Supreme Court of South Carolina.

Heard Oct. 22, 1997.

Decided Dec. 29, 1997.

12

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Solicitor Dudley Saleeby, Jr., Columbia, for petitioner.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, Columbia, for respondent.

TOAL, Justice:

In this action involving the interpretation of S.C.Code Ann. § 16–3–1040 (Supp.1996), we review the Court of Appeals' finding that Highway Patrol officers are not "public officials" within the meaning of the statute. We reverse the Court of Appeals and reinstate the conviction and sentence of the trial court.

### FACTUAL/PROCEDURAL BACKGROUND

On July 10, 1993, Graham Davie Bridgers was involved in a car accident. Although he left the scene, witnesses were able to identify Bridgers's vehicle and give the license plate number to the Highway Patrol. Corporal Jack Chamberlain and two other officers went to Bridgers's home to investigate. According to Chamberlain's testimony, Bridgers appeared to be intoxicated. He cursed Chamberlain and wanted to fight. Chamberlain testified that Bridgers said: "I'm going to get my gun. I'm going to come to your home in Lake City and I'm going to kill you." Chamberlain then arrested Bridgers for threatening to kill a police officer.

Bridgers was indicted for violating section 16–3–1040 for threatening to kill Corporal Chamberlain, an officer in the

South Carolina Highway Patrol. Bridgers moved to quash the indictment on the ground that Chamberlain was not a "public official" within the meaning of the statute. The trial court denied the motion. The jury convicted Bridgers, and he was sentenced to five years imprisonment, suspended upon five years probation, with 500 hours of community service. Bridgers appealed his conviction and sentence. The Court of Appeals reversed the trial court and held that Highway Patrol officers and troopers are not "public officials" within the meaning of section 16–3–1040. *State v. Bridgers*, 323 S.C. 185, 473 S.E.2d 829 (Ct.App.1996). The State filed a petition for writ of certiorari, which we granted.

## LAW/ANALYSIS

The State argues that Highway Patrol officers and troopers are "public officials" within the meaning of S.C.Code Ann. § 16–3–1040. We agree. The statute provides in pertinent part:

> It is unlawful for any person to knowingly and wilfully deliver or convey to a public official ... any letter or paper, writing, print, missive, document, or electronic communication or any verbal or electronic communication which contains any threat to take the life of or to inflict bodily harm upon the public official ... or members of [his] immediate famil[y].[1]

S.C.Code Ann. § 16–3–1040. The statute defines "public official" as "any elected or appointed official of the United States or of this State or of a county, municipality, or other political subdivision of this State."[2] *Id.*

The Legislature has directed that all Highway Patrol officers and troopers "be commissioned by the Governor upon the recommendation of the Director of the Department of Public

---

1. In 1990, the General Assembly amended the statute to add a prohibition against threatening the life of or threatening to inflict bodily harm upon a teacher or principal, or members of their immediate families.

2. The Legislature is currently considering a bill to amend this statute. The bill would make it a crime for a person to threaten "a public official or ... a teacher or principal of an elementary or secondary school or ... a highway patrolman." 1997 S.C. H.B. 3791. Although the bill would add Highway Patrolmen to the list of protected individuals, it would not amend the definition of a "public official" to incorporate Highway Patrolmen.

Safety." [3] S.C.Code Ann. § 23–6–100(A) (Supp.1996). In *State v. Lewis,* 181 S.C. 10, 186 S.E. 625 (1936), we held that while "the commission does not confer the office[,] . . . [it is] evidence of the *appointment." Id.* at 37, 186 S.E. at 637 (1936) (emphasis added); *see also* 63C Am.Jur.2d *Public Officers and Employees* § 128 (1997). Thus, the commission provides evidence that Highway Patrol officers and troopers are appointed officials, and therefore, "public officials" under section 16–3–1040.

 The common law also offers guidance as to whether Highway Patrol officers are public officials. The General Assembly is presumed to be aware of the common law, *see Caughman v. Columbia YMCA,* 212 S.C. 337, 344, 47 S.E.2d 788, 791 (1948), and where a statute uses a term that has a well-recognized meaning in the law, the presumption is that the General Assembly intended to use the term in that sense. *See Coakley v. Tidewater Constr. Corp.,* 194 S.C. 284, 288, 9 S.E.2d 724, 726 (1940). We have held that a public officer is "[o]ne who is charged by law with duties involving an exercise of some part of the sovereign power, either small or great, in the performance of which the public is concerned, and which are continuing, and not occasional or intermittent." *Sanders v. Belue,* 78 S.C. 171, 174, 58 S.E. 762, 763 (1907). Moreover, the criteria we have considered when distinguishing between public officers and public employees include "whether the position was created by the Legislature; whether the qualifications for appointment are established; whether the duties, tenure, salary, bond and oath are prescribed or required [and] whether the one occupying the position is a representative of the sovereign." *State v. Crenshaw,* 274 S.C. 475, 478, 266 S.E.2d 61, 62 (1980). No single criterion is dispositive and not all the criteria are necessary to find that an individual is a public officer. *Id.*

 We find that Highway Patrol officers and troopers come within this common law definition. First, as law enforcement officers, they are charged with the discretionary exercise of the sovereign power. Specifically, the officers and troopers must enforce the "traffic and other related laws." S.C.Code Ann. § 23–6–100(A) (Supp.1996). Second, their po-

---

**3.** These commissions may be terminated at the pleasure of the director. *See* S.C.Code Ann. § 23–6–100(A) (Supp.1996).

sitions were created by the Legislature. *See id.* Third, their duties and powers are established by statute and include accepting money in the form of bail for traffic violations, serving criminal process, and making arrests. *See* S.C.Code Ann. §§ 23–6–140 to –150 (Supp.1996). Finally, each Highway Patrol officer and trooper must file a bond that is conditioned on the faithful performance of his duties. *See* S.C.Code Ann. § 23–6–120; *see also* S.C.Code Ann. § 8–3–30 (1986) (providing the form of the bond to be given by all public officers).

Moreover, we have held that the Highway Commissioner and lower level Highway Department officials are public officials because their duties are of great concern to the public. *See State v. Thrift,* 312 S.C. 282, 440 S.E.2d 341 (1994) (lower level officials); *State v. Wannamaker,* 213 S.C. 1, 48 S.E.2d 601 (1948) (Commissioner). In fact, "the greater the duty to the public at large, the more likely it is that the individual will be a public official." *Thrift,* 312 S.C. at 309, 440 S.E.2d at 356. Highway Patrol officers and troopers are engaged in a duty of great concern to the public: enforcement of the criminal laws of the state.

Further, we have considered other law enforcement officers to be "public officials." For example, a deputy sheriff is a public official for purposes of workers' compensation.[4] *See Willis v. Aiken County,* 203 S.C. 96, 26 S.E.2d 313 (1943). Likewise, we have found police officers to be "public officials" for purposes of defamation and the bribery statute. *See McClain v. Arnold,* 275 S.C. 282, 270 S.E.2d 124 (1980) (defamation); *State v. Crenshaw,* 274 S.C. 475, 266 S.E.2d 61 (1980) (bribery).

Public policy also favors treating Highway Patrol officers as "public officials." In *State v. Carter,* 324 S.C. 383, 478 S.E.2d 86 (Ct.App.1996), a case decided several months after *Bridgers,* the Court of Appeals held that city police officers are "public officials" within the meaning of section 16–3–1040. The Court of Appeals reasoned that municipal police officers are "public officials" because the General Assembly provided that "[a]ny municipality may appoint or elect as many police officers ... as may be necessary for the proper law enforce-

---

4. Highway Patrol officers and troopers are functionally equivalent to deputy sheriffs. *State v. Cooper,* 291 S.C. 332, 335, 353 S.E.2d 441, 442 (1986).

ment in such municipality and fix and prescribe their duties." S.C.Code Ann. § 5–7–110 (Supp.1996). Because city police officers are elected or appointed, they are public officials for purposes of section 16–3–1040. *See Carter*, 324 S.C. at 385, 478 S.E.2d at 87.[5] As a result of *Bridgers* and *Carter*, the law currently protects law enforcement officers inconsistently. An individual may threaten the life of a city police officer and violate the statute, while no violation of the statute would occur if that individual made the same threat to a Highway Patrol officer. No rational basis exists for this inconsistency.

### CONCLUSION

For the foregoing reasons, we hold that Highway Patrol officers and troopers are "public officials" within the meaning of section 16–3–1040. Therefore, the defendant's conviction is affirmed and the Court of Appeals' decision is REVERSED.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

5. Using the same rationale, the Attorney General had earlier opined that city police officers were "public officials" within the meaning of the statute. *See* 1984 Op. S.C. Att'y Gen. No. 84–103.