# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Candise Gore, Plaintiff,

v.

Dorchester County Sheriff's Office; Dorchester County;
Carol Brown; Kiesha Baldwin; Sheriff L.C. Knight;
Richard Darling; Sharon Branch; Wanda Taylor; and
Willis Beatty, Defendants.

Appellate Case No. 2023-000922

---

## ON CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

---

Opinion No. 28196
Heard January 9, 2024 – Filed March 27, 2024

---

## CERTIFIED QUESTION ANSWERED

---

John Thomas Gentry, III, of Charleston, for Plaintiff.

Robin Lilley Jackson, of Senn Legal, LLC, of
Charleston, for Defendants.

---

**PER CURIAM:** Candise Gore sued various individuals and governmental entities in the court of common pleas, alleging she was wrongfully strip-searched at the Dorchester County Detention Center after being arrested for domestic violence. The

Dorchester County Sheriff's Office is the governmental entity that operates the facility. Included in her causes of action is a state law claim against the Sheriff for reckless infliction of emotional distress. Because Gore also asserts claims under federal law, the defendants removed the case to the United States District Court. Pursuant to Rule 244, SCACR, the District Court certified the following question to this Court:

> Does the bar under the South Carolina Tort Claims Act of claims of "intentional infliction of emotional harm," S.C. Code [Ann.] § 15-78-30(f), apply to claims of reckless infliction of emotional distress?

Answering the question correctly requires us to review South Carolina case law governing the tort of intentional infliction of emotional distress, also known as outrage, and requires us to interpret various provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2023) ("the Act").

## I.

In *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981), we recognized the tort of intentional infliction of emotional distress and adopted the rule of liability set forth in the Restatement (Second) of Torts: "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . ." *Id.* at 162, 276 S.E.2d at 778. We clarified that in order for a plaintiff to prevail on this cause of action, the plaintiff must establish, among other things, that "the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct . . . ." *Id.* (quoting *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me. 1979)).

Other jurisdictions have held that intentional infliction of emotional distress and reckless infliction of emotional distress are the same cause of action. *See, e.g.*, *Leistner v. Vanini*, 208 A.D.3d 1625, 1626 (N.Y. App. Div. 2022) ("[R]eckless conduct is encompassed within the tort denominated intentional infliction of emotional distress." (quoting *Dana v Oak Park Marina*, 230 A.D.2d 204, 209 (N.Y. App. Div. 1997)); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 n.6 (Tenn. 2012) (holding intentional infliction of emotional distress and reckless infliction of emotional distress are not separate torts); *Bibbs v. Durham Sch. Servs., L.P.*, 666

S.W.3d 327, 334 n.5 (Tenn. Ct. App. 2022) ("Intentional infliction of emotional distress and RIED are not different causes of action."); *Zalaski v. City of Hartford*, 704 F. Supp. 2d 159, 176 (D. Conn. 2010) (holding under Connecticut law, there is no distinct cause of action for reckless infliction of emotional distress; rather; such a claim is encompassed by a claim for intentional infliction of emotional distress); *Ess v. Eskaton Properties, Inc.*, 118 Cal. Rptr. 2d 240, 247 (2002) (holding reckless infliction of emotional distress is "an aspect of the tort of intentional infliction of emotional distress"); *Nancy P. v. D'Amato*, 517 N.E.2d 824, 827 (Mass. 1988) (recognizing reckless and intentional infliction of emotional distress have been placed in the same category).

The foregoing authorities align with our view of the tort of intentional infliction of emotional distress. Reckless infliction of emotional distress is merely a subset of intentional infliction of emotional distress. We hold there is no separate cause of action in South Carolina for the reckless infliction of emotional distress. For that reason, the certified question may be moot, as there would be no reason to consider potential recovery for a cause of action that does not independently exist in South Carolina.

## II.

However, to ensure a complete response to the certified question, we will construe the definition of "loss" in section 15-78-30(f) of the Act. The Act was adopted by the General Assembly in 1986, in response to our decision in *McCall v. Batson* abolishing sovereign immunity.[1]

The Act renders governmental entities liable for torts committed by their employees acting in the scope of their official duties, but at the same time limits the liability of governmental entities in numerous respects. Section 15-78-40 of the Act provides,

> The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, <u>subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein.</u>

---

[1] *McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985).

S.C. Code Ann. § 15-78-40 (2005) (emphasis added).

Crucially, section 15-78-200 of the Act requires us to construe the provisions of the Act in a manner that limits the liability of the governmental entity:

> The provisions of this chapter establish limitations on and exemptions to the liability of the governmental entity and <u>must be liberally construed in favor of limiting the liability of the governmental entity</u>.

*Id.* § 15-78-200 (emphasis added).

As the certified question reveals, one limitation upon liability and damages is found in the definition of a recoverable "loss" contained in section 15-78-30(f):

> "Loss" means bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, <u>but does not include the intentional infliction of emotional harm</u>.

*Id.* § 15-78-30(f) (emphasis added).

Gore concedes section 15-78-30(f) bars recovery for the intentional infliction of emotional distress, but she contends she is entitled to pursue recovery for the reckless infliction of emotional distress. In that sense, she splits the tort of outrage into two torts from which she claims she may choose—intentional infliction of emotional distress and reckless infliction of emotional distress. In *Bass v. South Carolina Department of Social Services*, this Court had an opportunity to resolve this issue but decided the case on different grounds. 414 S.C. 558, 780 S.E.2d 252 (2015). The plaintiffs' outrage claim was based on DSS's reckless, rather than intentional, conduct. As the Sheriff does here, DSS raised the definition of "loss" in subsection 15-78-30(f) as a complete bar to recovery for intentional infliction of emotional distress. *Id.* at 565, 565 n.4, 780 S.E.2d at 255, 255 n.4. However, we did not address whether 15-78-30(f) barred recovery for "reckless" infliction of emotional distress; instead, we concluded as a matter of law that DSS's conduct did not rise to the level of outrage (conduct so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable

in a civilized society). *Id*. at 576, 780 S.E.2d at 261.[2]  Importantly, we again recognized that the tort of outrage can be proven by evidence of either reckless or intentional conduct. *Id*. at 575, 780 S.E.2d at 260.

The wording of the definition of "loss" in section 15-78-30(f) is uneven. First, the definition lists eight elements of actual damages for which a plaintiff may recover against a governmental entity and then includes "any other element of actual damages recoverable in actions for negligence." However, the definition of "loss" ends with an exclusion prohibiting recovery not for a specific element of actual damages, but rather for an entire cause of action—the intentional infliction of emotional distress. The definition is therefore arguably ambiguous. Regardless, we construe the statute as section 15-78-200 says we must—liberally and in favor of limiting the liability of the governmental entity. Because the reckless infliction of emotional distress is a subset of the tort intentional infliction of emotional distress, the bar to recovery for the intentional infliction of emotional distress in section 15-78-30(f) necessarily bars recovery for any conduct by a governmental entity that may be merely reckless, but yet satisfies the elements of the cause of action intentional infliction of emotional distress.[3]

### III.

The bar to recovery for the intentional infliction of emotional distress in section 15-78-30(f) applies to the subset of claims for the reckless infliction of emotional distress. The District Court's question is

---

[2] We also declined to disturb the verdict because the plaintiff's outrage claim and gross negligence claim were submitted to the jury on a general verdict form, and it was therefore impossible to determine whether the jury found for the plaintiffs on the outrage claim, or the gross negligence claim, or both. *Id*.

[3] When we adopted the tort of outrage in *Ford* in 1981, we clearly stated the tort encompassed both the reckless and intentional infliction of emotional distress. *Ford*, 276 S.C. at 162, 276 S.E.2d at 778. When the General Assembly enacted the Act in 1986, it was presumed to have knowledge of our holding in *Ford*. *See State v. Bridgers*, 329 S.C. 11, 14, 495 S.E.2d 196, 197-98 (1997) ("The General Assembly is presumed to be aware of the common law.").

**ANSWERED.**

**BEATTY, C.J., KITTREDGE, FEW, HILL, JJ., and** Acting Justice James Edward Lockemy, concur.