14682

EDGE v. TOWN OF CAYCE

(197 S. E., 216)

172

*Messrs. John E. Edens* and *Callison & Smith,* for appellant,

*Mr. George Bell Timmerman,* for respondent,

May 10, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

This is an action to recover a sum alleged by respondent to be due him by the appellant, as balance of his salary as Chief of Police of the Town of Cayce. The complaint alleges that respondent was elected Chief of Police of the Town of Cayce in July, 1934, for a period of two years at a salary of $86.00 per month. His election was by the action of the duly constituted council of the Town of Cayce, a municipal corporation and body politic under the laws of South Carolina. After about two months' service, his salary was increased to $100.00 per month, payable monthly, for the remaining period of his term of office as Chief of Police. That the defendant, acting through its duly constituted and acting town council, on or about March 20, 1936, discharged the plaintiff from his office without giving him a hearing, and without just cause, and refused to allow him to continue in the discharge of his duties as Chief of Police, although plaintiff stood ready and offered to continue his services un-

til the expiration of his term of office. He seeks judgment in the sum of $363.33, with interest.

The answer admits Paragraph 1 and the first sentence of Paragraph 2 of the complaint, but denies the remainder of Paragraph 2, and also denies Paragraphs 3, 4 and 5, and all other allegations not specifically admitted. Further answering, defendant alleges that at one time plaintiff was employed by defendant as policeman in the Town of Cayce, but denies that the term of his employment or the amount of his salary are correctly set forth; on the contrary, defendant alleges that the term of employment was at the will of the town council, and that the council was within its rights in discharging him; and that he was paid in full. Further, that there was no written agreement nor memorandum of agreement signed by defendant, and the statute of frauds is pleaded as a bar to recovery.

The case was heard by Judge Rice. At the proper time the defendant made a motion for nonsuit on two grounds, viz.:

"1. The contract, if there was a contract, was for a period of more than a year and therefore it is prohibited under the statute of frauds.

"2. We also make a motion to strike from the evidence that has been introduced the town ordinance upon the grounds as we have heretofore stated."

The motion for nonsuit was refused.

At the close of all the testimony, both parties made motions for directed verdicts.

The plaintiff's motion was, as stated by his counsel, "on the facts of the case."

The motion of the defendant was predicated on the following grounds:

"1. The ordinance which was introduced in the case by the plaintiff was a general ordinance which we objected to at that time. Then the defendant put in an ordinance pertaining especially to the chief of police and in which we think over-

ruled the other one, that ordinance that the Chief of Police should be elected for a term of two years, subject, however, to removal by the town council for cause and the sufficiency of which should be left to the town council.

"2. Now under the minutes of the meeting of July 19th, 1934, the Chief of Police was hired at the pleasure and will of the town council and he could, therefore, be discharged at any time."

At this point the Court intervened and asked:

"The Court: Your construction of that ordinance is that they could discharge him without a hearing at all whenever they got ready?

"Mr. Edens: Yes, sir; and we contend further as our third ground as follows:

"3. It is clearly shown in this case that the plaintiff accepted employment from the town council under a resolution which was passed and stated that such employment should be at the pleasure of the town council, therefore making a contract which the plaintiff is bound by under his own testimony."

The motion for directed verdict for defendant was refused.

"Mr. Timmerman: * * * Our grounds for a directed verdict is that under the admitted and undisputed facts there is but one conclusion to be reached from those facts applied to the law, that is, that plaintiff is entitled to a verdict for the amount sued for in the complaint.

"The Court (addressing defendant's counsel): Do you agree with counsel for plaintiff that it now becomes a question of law that the Court ought to decide?

"Mr. Edens: No, sir; your Honor, I do not agree with that."

Then followed a colloquy which will be hereinafter noticed.

"The Court: Now those facts which Mr. Timmerman stated as a basis of his motion, none of those are denied?

"Mr. Edens: Yes, sir.

"The Court: Which one?

"Mr. Edens: Mr. Timmerman has based his conclusion or decision, he bases his motion upon an ordinance which is a nullity.

"The Court: Would not that be a question for the Court to decide, that is, as to whether it is a nullity?

"Mr. Edens: Yes, sir; I think so and whether that first ordinance is relevant is for you to decide. Then we come down to the second ordinance, and his conclusion of law is that a police officer is an officer within the purview of the Constitution is not a correct conclusion in my opinion."

The motion for direction of a verdict in favor of plaintiff was granted.

Motion for new trial was overruled, and defendant appeals upon eight exceptions. However, we shall not undertake to discuss the exceptions seriatim, but shall cover all the issues made by them.

When plaintiff's counsel offered in evidence Section 1 of Chapter 1 of the ordinances of the Town of Cayce entitled, "Ordinances of the Town of Cayce, revised and codified and amended ordinances of the Town of Cayce dated December 31, 1929," counsel for the defendant objected to the introduction of the ordinance "on the ground that there is no allegation in the complaint relative to that ordinance. This action is based upon a contract and not upon a municipal ordinance."

We think the objection was properly overruled. If this were an action attacking a municipal ordinance or one seeking to restrain the enforcement of one, it might be, probably would be, proper to plead it. But that is not the case here. Plaintiff is standing upon the ordinance. The defendant claims that as the ordinance was not pleaded, defendant was taken by surprise when it was introduced in evidence, and was not prepared to defend against it. The position is not tenable. We know of no statute or rule of law which re-

quires a plaintiff in such case to plead evidentiary matter. The defendant will not, of course, plead that it was ignorant of the ordinance. It had enacted and published it and is bound by it. If there had been error in the introduction of Section 1 of the ordinance, defendant cured it by itself putting in evidence Section 12 thereof.

Section 1 introduced by plaintiff provides that:

"All offices now existing, or which may hereafter be created by the Mayor and Councilmen of the Town of Cayce, shall be filled by the said Mayor and Councilmen  *  *  * ; the tenure of which offices shall be two years, nor the officer filling the same shall be removed from same except upon trial by the Town Council, and a conviction thereby on sufficient charges regularly preferred."

Section 12, introduced by defendant, is as follows:

"Election and Salary of Chief of Police.

"The Chief of Police and all assistant policemen, regularly employed, shall be elected by the Mayor and Councilmen of the Town of Cayce, in council assembled, at the time when all other officers of the Town are elected, and shall hold office for two years, subject to removal for cause, of the sufficiency of which the town council shall be the sole judges *  *  *."

The plaintiff could have bottomed its complaint upon that section which the defendant introduced.

We think the fundamental error into which the defendant has fallen lies in assuming that the complaint is founded upon an oral contract of employment. When the complaint alleged that in July, 1934, "the duly constituted Town Council of the Town of Cayce elected the plaintiff Chief of Police of said Town to serve for a term of two years from said date," the defendant being cognizant of its own ordinances, was put on notice that plaintiff relied on the ordinance. Perhaps defendant was misled by its construction of the resolution adopted by council at a special meeting held July 19, 1934, the minutes of which were intro-

duced by defendant to show that T. B. Edge was elected Chief of Police "term of office to terminate at pleasure of council." The fallacy of the position lies in this: Conceding for the moment that the minutes, as introduced by the defendant, are a correct record of what occurred at that meeting, which plaintiff denies, it remains that a resolution thus adopted cannot have the effect of changing, amending or repealing an ordinance regularly and duly adopted. That can only be done by an amendment duly enacted with the requirements of law necessary for the enactment of the original ordinance.

We may here dispose of the alleged error in permitting plaintiff to introduce the alleged copy of the minutes above referred to as made by B. A. Joyner, which copy appears as Exhibit 6 in the record. That paper and the testimony of Mr. Joyner tend to show that the original notes of the minutes contained no reference to the term of the office to which T. B. Edge—the plaintiff—was elected. The argument of the appellant is that this made an issue of fact which should have been left to the jury to determine. If it be true that an issue of fact appears, it is a wholly immaterial matter whether the minutes of that meeting of council did or did not say that the Chief of Police held his office at the will of the council. Section 1 of the ordinance introduced by plaintiff, and Section 12 of the ordinance introduced by the defendant, both show that the Chief of Police was elected for a term of two years: If there was error, it was harmless.

What we have said, we think, disposes of the proposition that the contract is an oral one and is not in writing and is, therefore, obnoxious to the statute of frauds. This is not an oral contract sued on, but is founded on the provisions of a written, printed and published ordinance.

Appellant contends that the office of Chief of Police is not such office as demands that the occupant thereof be given a hearing before he is discharged. In the

light of the ordinances introduced by both plaintiff and defendant, the question would seem now to be wholly academic. Each of these ordinances declares in express language that the term of office of the Chief of Police shall be two years, and he may not be removed except for cause and after a hearing on charges duly preferred. It is not denied that plaintiff was not given a hearing upon charges duly preferred.

However, since appellant argues the question with zeal, we may say that we think a Chief of Police is such an officer as is at law entitled to a hearing before discharge.

The case of *Sanders v. Belue,* 78 S. C., 171, 58 S. E., 762, cited by defendant, does not seem to sustain its contention. That was an action to determine the right to exercise the duties of the position of superintendent of poor house and farm of Union County. The question on appeal involved the right and power of the county board of commissioners to appoint and remove the superintendent. On appeal Judge Woods said for this Court (page 764) :

"Act 1901 (23 St. at Large, p. 754) contains this definition of a public officer: 'The term "public officers" shall be construed to mean all officers of the state that have heretofore been commissioned, and trustees of the various colleges of the state, members of the various state boards, dispensary constables, and other persons whose duties are defined by law.' "

It was held that the superintendent of the poor house and farm is an officer.

Further quoting from that case which quotes authorities, we have :

"Laying aside for the moment the statutory definition of a public officer, we venture to think an examination of these and other authorities will lead to the approval of the following definitions as sufficiently expressing the generally accepted distinction between a public officer and an employee: One who is charged by law with duties involving an exer-

cise of some part of the sovereign power, either small or great, in the performance of which the public is concerned, and which are continuing, and not occasional or intermittent, is a public officer."

A municipal corporation is a part of the sovereign power of the State, therefore, its Chief of Police, who is charged with the preservation of the peace and order of the town and with the enforcement of its laws, in which the public is concerned, is a public officer.

The Act of 1924, 33 St. at Large, p. 997, which gives to the Governor power to remove certain officers, is careful to provide that the officer shall be given notice and a hearing, with the right of appeal reserved to him. This act is given consideration in the cases of *State ex rel. Richards, Governor, v. Ballentine,* 152 S. C., 365, 150 S. E., 46, 66 A. L. R., 574, and *State ex rel. Blackwood v. Pridmore,* 163 S. C., 97, 161 S. E., 340. These cases are cited to show the meticulous care with which the State preserves to its citizens the right to be heard before they are condemned. See, also *State v. Rhame,* 92 S. C., 455, 75 S. E., 881, Ann. Cas., 1914-B, 519.

The appellant alleges error for that the presiding Judge held, "that where both sides made a motion for the direction of a verdict as a matter of law it was the duty of the Court so to direct."

In order that the Court may be fully advised of the exact matter involved in this exception, we produce in full what occurred between the Court and counsel:

"The Court: You do not think it is a question for the Court where both sides agree to it? It seems to me you both agree that it is a question of law, and if not why do you ask me to direct a verdict, and why do you ask me to direct a verdict, both of you, if it is not a question of law for the Court? I know there is no special rule on it, no rule of practice on it, and that is what I do not understand, there should be a rule.

"Mr. Edens: I think the Courts of this State should have more latitude to pass on facts, and even comment on the facts but the Constitution says that the Judges must keep off those things.

"The Court: I do not think any lawyer who gets up and asks the Judge to direct a verdict should be permitted in the Supreme Court to say that it was not a question of fact for the Court to pass upon but that the jury should pass on it.

"Mr. Edens: The question is, what is in your Honor's mind? Our motion is based entirely on a question of law. It depends whether your Honor thinks the questions of fact are admitted. The questions of fact, now if they are admitted, but we think under the questions of law involved in this case the defendant should be entitled to a directed verdict; but we admit the facts are very much at variance. Our motion is made practically upon the questions of law, under the town ordinances and resolutions and all of those things which have been put in evidence.

"The Court: Now those facts which Mr. Timmerman stated as a basis of his motion, none of those are denied?

"Mr. Edens: Yes, sir.

"The Court: Which one?

"Mr. Edens: Mr. Timmerman has based his conclusion or decision, he bases his motion upon an ordinance which is a nullity.

"The Court: Would not that be a question for the Court to decide, that is, as to whether it is a nullity?

"Mr. Edens: Yes, sir; I think so and whether that first ordinance is relevant is for you to decide. Then we come down to the second ordinance, and his conclusion of law is that a police officer is an officer within the purview of the Constitution is not a correct conclusion in my opinion."

It is clear that what the Court said to defendant's counsel did not enter into the conclusion of the Court that the directed verdict should be denied to defendant and be directed for the plaintiff. A reading of the reported colloquy between

the Court and counsel discloses that the aside remark of the Court, òf which counsel complains, can furnish no ground for the reversal of the Court's ruling. No questions of fact bearing on the pertinent and controlling issues were in dispute. Those about which it may be said there was variance were of no sort of force and effect in determining the issues. Defendant's counsel said: "Our motion is based entirely on a question of law." It is an inevitable conclusion that he thereby conceded that there were no disputed issues of fact. When asked by the Court what question of fact was not admitted by him, he replied, "Mr. Timmerman bases his motion on an ordinance which is a nullity." When asked by the Court if that was not for the Court to decide whether the ordinance was a nullity, he replied: "Yes, sir. I think so and whether the first ordinance is relevant is for you to decide."

It seems to us that in the light of counsel's admissions his exceptions and contention in regard to this incident cannot be sustained.

Was the Circuit Judge correct in directing a verdict for the plaintiff?

In order for plaintiff to prevail in the cause of action set out in the complaint, it was necessary for him to prove that he had been employed by the town council of Cayce as Chief of Police for a term of two years, at a fixed salary which was increased to $100.00 per month; that on or about March 20, 1936, he was discharged without having been given a hearing. The plaintiff introduced an ordinance of the town which provides for the election of the officers of the town, whose tenure of office "shall be two years, nor the officers filling the same be removed therefrom except upon trial before the town council and a conviction thereby on sufficient charge regularly preferred."

The defendant introduced in evidence an ordinance to the following effect:

"The Chief of Police and all assistant policemen, regularly employed, shall be elected by the Mayor and Council-

men of the Town of Cayce, in council assembled at the time when all other officers of the Town are elected, and shall hold office for two years, subject to removal for cause, of the sufficiency of which the town council shall be the sole judges."

It is conceded that the plaintiff was discharged without having been given a hearing.

As against the evidence in support of the allegations of. the complaint, the defendant contends that the action of the town council of March 20, 1936, at which plaintiff was discharged from his office as Chief of Police, superseded and set at naught the provisions of two ordinances, hereinabove set out. Clearly, this was a question of law for the consideration of the Court, and his Honor correctly held that the action of the council could not have the effect contended for by defendant.

The Court did not err in directing a verdict for the plaintiff.

The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.