## 21189

The STATE, Respondent, v. Donald Ray CRENSHAW, Samuel (NMN) Jones, and Jimmie Ligon, Defendants, of whom Donald Ray Crenshaw and Jimmie Ligon are Appellants.

(266 S. E. (2d) 61)

*Miley, Macaulay & Boggs,* Walhalla, *for appellant Crenshaw.*

*Gamble & Galloway,* Anderson, *for appellant Ligon.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia and *Sol. Luther Henry Raines, II,* Anderson, *for respondent.*

April 9, 1980.

JOSEPH R. Moss, Acting Associate Justice:

Appellants Crenshaw and Ligon were each convicted of bribery and sentenced to five years imprisonment, suspended upon the service of eighteen months and five years probation We affirm.

Appellants, who were police officers for the City of Seneca, were arrested and charged with bribery, blackmail, and criminal conspiracy for extorting $5,000 from Dr. John F. Stockfisch in exchange for promises to drop criminal charges against his son, John Richard Stockfisch (Stockfisch). The jury found appellants innocent of all charges except bribery, from which conviction this appeal arises.

Appellant first asserts that the indictment failed to charge the crime of bribery substantially in the language of the statute § 16-9-220 Code of Laws of South Carolina (1976). It is further asserted that the indictment does not set forth with sufficient certainty and particularity how appellants could have exercised their judgments as police officers in order that the criminal charges against Stockfisch be dropped or dismissed. This is without merit.

An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent conviction. *State v. Solomon,* 245 S. C. 550, 141 S. E. (2d) 818 (1965), *appeal dismissed* 382 U. S. 204, 86 S. Ct. 396, 15 L. Ed. (2d) 270 (1965). As the indictment bears the specific code section on its face and there was lengthy discussion concerning that code section throughout the trial, appellants obviously knew for what crime they were being prosecuted . Further, an indictment charging a statutory crime need not use the precise language of the statute in describing the offense, if the words used are equivalent to those employed by the statute, *Livingston v. Commonwealth,* 184 Va. 830, 36 S. E. (2d) 561 (1946), as was the case in this instance.

Appellants next contend that their convictions cannot be upheld since the term "officer" as used in section 16-9-220 is inapplicable to policemen, who are

instead "employees." This Court held in *Sanders v. Belue,* 78 S. C. 171, 174, 58 S. E. 762, 763 (1907) that:

One who is charged by law with duties involving an exercise of some part of the sovereign power, either small or great, in the performance of which the public is concerned, and which are continuing, and not occasional or intermittent, is a public officer. Conversely, one who merely performs the duties required of him by persons employing him under an express contract or otherwise, though such persons be themselves public officers, and though the employment be in or about a public work or business, is a mere employee.

Criteria to be considered in making the distinction between an officer and an employee include whether the position was created by the legislature; whether the qualifications for appointment are established; whether the duties, tenure, salary, bond and oath are prescribed or required; whether the one occupying the position is a representative of the sovereign; among others. *State ex rel. Carson v. Wood,* 154 W. Va. 397, 175 S. E. (2d) 482 (1970). No single criteria is conclusive; neither is it necessary that all the characteristics of an officer or officers be present. 67 C. J. S. *Officers* § 8(a) (1978). We find that a police officer sufficiently meets enough of the above-enumerated criteria to come within the confines of the term "officers" as used in section 16-9-220. *See* § 5-7-110 S. C. Code (1976) ; *see also Edge v. Town of Cayce,* 187 S. C. 171, 197 S. E. 216 (1938).

Appellants argue that since the purpose of section 16-9-220 is to preserve the integrity of official action where the official exercises his judgment on any question in any manner, a conviction cannot be sustained where the officer has no authority to undertake the action in question. In the instant case they contend that, as police officers, they had no authority to drop the charges against Stockfisch. However, it is not necessary that the act requested be one which the officer has authority to undertake. It is sufficient

if he has official power, ability or apparent ability to bring about or contribute to the desired end. *State v. Stanley,* 19 N. C. App. 684, 200 S. E. (2d) 223 (1974).

Appellants also maintain that, if they are guilty of any offense whatsoever, it would be that which is provided by section 16-9-240, South Carolina Code (1976). Section 16-9-240 reads in part as follows:

If a sheriff, deputy sheriff, constable or other officer authorized to serve legal process receives from the defendant or any other person any money or other valuable thing as consideration, reward or inducement for omitting or delaying to arrest a defendant or to carry him before a magistrate, for delaying to take a person to prison, . . . or for omitting or delaying to perform any duty pertaining to his office he shall be punishable by a fine not exceeding three hundred dollars.

It is to be noted, however, that unlike section 16-9-220, section 16-9-240 does not require proof that the officer acted "corruptly." This difference in the statutes as well as the penalties imposed thereby indicates that the legislature recognied different degrees of culpability for bribery. *United States v. Burnsed,* 566 F. (2d) 882 (4 Cir., 1977), *cert. denied,* 434 U. S. 1077, 98 S. Ct. 1270, 55 L. Ed. (2d) 784 (1978). The evidence presented in the instant case adequately demonstrated that appellants were guilty of that degree of bribery provided by section 16-9-20.

Appellants next contend that section 16-9-220 is so vague, uncertain, and indefinite as to violate the due process clauses of both the State and Federal constitutions. Due process is offended when a criminal statute fails to give fair notice of the conduct it proscribes. *State v. Patterson,* 261 S. C. 362, 200 S. E. (2d) 68 (1973). As we are of the opinion that the statute in question gives sufficient notice to enable a reasonable person to comprehend what is prohibited, appellants' contentions are dismissed as being without merit.

Neither is there merit in appellants' contention that an electronically recorded oral statement, later reduced to writing, is inadmissible as violative of section 8-15-50, South Carolina Code (1976). Section 8-15-50 provides:

Whenever any person employed by the State, or any county, city or municipality thereof, or any part of any such governing body, shall take a written statement in any investigation of any kind or nature from any person, the person receiving or taking the written statement shall give to the person making the statement a copy thereof and shall obtain from the person making the statement a signed receipt for the copy so delivered.

A "written statement" has been defined as a statement signed by the witness. *State v. Scott*, 269 S. C. 438, 237 S. E. (2d) 886 (1977). As the documents in this instance were not signed by appellants, section 8-15-50 is inapplicable. Further, since one of the purposes of that statute is to permit a witness or defendant to refresh his memory relative to statements made prior to trial, its purpose was substantially met when appellants were given access to the tapes and transcription, which enable them to rejuvenate their memories of any statements made therein. *Cf. State v. Scott, supra,* [in which section 19-1-80, South Carolina Code (1976) was interpreted to have a similar purpose].

We considered the remaining exceptions raised by appellants and are convinced that no error of law is presented. Accordingly, we affirm the lower court's determination of those issues under Rule 23 of the Rules of Practice of this Court.

For the foregoing reasons, the convictions of appellants are AFFIRMED.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.