628 S.E.2d 261

Linda ANGUS, Respondent,

v.

BURROUGHS & CHAPIN CO., Myrtle Beach Herald, Doug Wendel, Pat Dowling, Deborah Johnson, Chandler C. Prosser, Marvin Heyd, Chandler Brigham, and Terry Cooper

Of whom Burroughs & Chapin Co., Doug Wendel, Pat Dowling, Myrtle Beach Herald and Deborah Johnson are Petitioners.

No. 26127.

Supreme Court of South Carolina.

Heard Feb. 1, 2006.

Decided March 20, 2006.

Robert L. Widener and Celeste T. Jones, of McNair Law Firm, P.A., of Columbia, for petitioner Burroughs & Chapin Co.

L. Morgan Martin, of Hearn, Brittain & Martin, P.A., of Conway;  Thomas C. Brittain, of Hearn, Brittain & Martin, P.A., of Myrtle Beach;  and Scott B. Umstead, of Myrtle Beach, for petitioners Doug Wendel and Pat Dowling.

William E. Lawson, of Lawson & Gwin Law Offices, of Myrtle Beach, for petitioner Doug Wendel.

Jay Bender and Holly Palmer Beeson, of Baker, Ravenel & Bender, L.L.P., of Columbia, for petitioners Myrtle Beach Herald and Deborah Johnson.

L. Sidney Connor, IV, of Kelaher, Connell & Connor, of Surfside Beach, for respondent.

Justice MOORE:

We granted a writ of certiorari to review the Court of Appeals' decision reversing the grant of summary judgment to petitioners in this civil conspiracy case.[1] We reverse.

## FACTS

Respondent Linda Angus was hired as county administrator for Horry County in 1996. Her employment was at the will of the county's governing body, Horry County Council. County Council terminated Angus's employment effective June 22, 1999, and paid her severance pursuant to her contract, including her annual salary of $117,888.16 plus accrued vacation leave of $10,145.18. Angus subsequently brought this action for civil conspiracy[2] against County Council, petitioners Myrtle Beach Herald and its publisher Deborah Johnson (hereinafter collectively "Newspaper"), and petitioners Burroughs & Chapin Co., Doug Wendel and Pat Dowling (hereinafter collectively "Developer"). Angus alleged that because she objected to several projects in the county proposed by Developer, these parties conspired to have her terminated. The alleged conspiracy included incentives to County Council members and the publication of articles discrediting Angus.

All the defendants moved for summary judgment. The trial judge granted summary judgment on the ground that the termination of at-will employment cannot support a cause of action for civil conspiracy, citing *Ross v. Life Ins. Co. of Virginia*, 273 S.C. 764, 259 S.E.2d 814 (1979). Angus appeal-

---

1. *Angus v. Burroughs & Chapin*, 358 S.C. 498, 596 S.E.2d 67 (Ct.App. 2004).

2. Her causes of action for tortious interference with contract, defamation, and unfair trade practices were dismissed.

ed. The Court of Appeals affirmed summary judgment as to County Council members based on *Ross,* but reversed as to Newspaper and Developer.

## ISSUE

Can a public official who is an at-will employee maintain an action for civil conspiracy?

## DISCUSSION

■■■ A civil conspiracy is a combination of two or more parties joined for the purpose of injuring the plaintiff, thereby causing her special damages. *Lawson v. South Carolina Dep't of Corrections,* 340 S.C. 346, 532 S.E.2d 259 (2000); *Future Group, II v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996). Under *Ross,* an at-will employee may not maintain a civil conspiracy action against her employer. Where the employment is at-will, the employee may be terminated "at any time for any reason or for no reason at all." 273 S.C. at 765, 259 S.E.2d at 814. Applying *Ross,* the Court of Appeals affirmed the grant of summary judgment to County Council as Angus's employer but concluded *Ross* was not applicable to Newspaper and Developer because they were third parties to the employment agreement. It held Angus could therefore maintain a civil conspiracy action against them.

■■■ We disagree with the Court of Appeals' analysis and find *Ross* controlling. The critical factor here is Angus's status as an at-will public official.[3] In our democratic society, a public official is answerable to the public; members of the public are not third-party interlopers. Because of Angus's status as a public official, we conclude her action for civil conspiracy cannot be maintained against any of these defendants. The Court of Appeals' decision overturning the grant

---

**3.** Horry County operates under the council-administrator form of government pursuant to S.C.Code Ann. § 4–9–610 (1986). *See Eargle v. Horry County,* 344 S.C. 449, 545 S.E.2d 276 (2001). Under § 4–9–620, the county administrator is the administrative head of county government.

of summary judgment to Newspaper and Developer is therefore

**REVERSED.**

TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice BROOKS P. GOLDSMITH, concur.