**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Calvin Henry Moore, Appellant.

Appellate Case No. 2011-199086

———————————

Appeal From McCormick County
Edward B. Cottingham, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-648
Submitted November 1, 2012 – Filed December 5, 2012

———————————

**AFFIRMED**

———————————

John A. O'Leary, of O'Leary Associates, P.A., of
Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney
General John W. McIntosh, Senior Assistant Deputy
Attorney General Salley W. Elliott, Assistant Attorney
General William M. Blitch, Jr., and Assistant Attorney
General Cary N. Goings, all of Columbia; and Solicitor
Donald V. Myers, of Lexington, for Respondent.

———————————

**PER CURIAM:**  Calvin Henry Moore appeals his conviction of common law misconduct in office.  On appeal, Moore argues the trial court erred in (1) denying his motion for a directed verdict and (2) sentencing him in excess of the maximum sentence allowed under section 8-1-80 of the South Carolina Code (Supp. 2011).  We affirm.[1]

1.  We find the trial court did not err in denying Moore's motion for a directed verdict.  The State presented sufficient evidence from which a reasonable jury could find Moore guilty of misconduct in office.  *See State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct [evidence] or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis in original)); *State v. Hess*, 279 S.C. 14, 20, 301 S.E.2d 547, 550 (1983) ("Misconduct in office occurs when duties imposed by law have not been properly and faithfully discharged."); *State v. Crenshaw*, 274 S.C. 475, 478, 266 S.E.2d 61, 62 (1980) ("Criteria to be considered in making the distinction between an officer and an employee include whether the position was created by the legislature; whether the qualifications for appointment are established; whether the duties, tenure, salary, bond and oath are prescribed or required; whether the one occupying the position is a representative of the sovereign; among others."); *id.* at 478, 266 S.E.2d at 62-63 ("No single criteria is conclusive; neither is it necessary that all the characteristics of an officer or officers be present.").  Here, there was direct evidence Moore breached his duties to the public as a deputy.  Moore signed an oath of office, the county issued a blanket bond in accordance with statutory requirements, and Moore held himself out as a deputy.  A witness testified Moore disclosed confidential DMV records.  Additionally, a SLED investigator testified Moore accessed personal DMV records belonging to his former girlfriend and her family.  Finally, Moore admitted the reason for accessing these records was not work-related.

2.  We find Moore's argument concerning illegal sentencing is not properly preserved for appellate review because Moore failed to object to the sentence at trial.  *See State v. Johnston*, 333 S.C. 459, 462-63, 510 S.E.2d 423, 425 (1999) (finding a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**