**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

David Michael Hollis, Appellant,

v.

Fairfield County, Philip Hinely, Davis Anderson, and David Brown, in their individual capacities, Respondents.

Appellate Case No. 2013-001257

Appeal From Fairfield County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2014-UP-396
Heard October 7, 2014 – Filed November 12, 2014

**AFFIRMED**

James Paul Porter, Julius Wistar Babb, IV, and J. Lewis Cromer, all of J. Lewis Cromer & Associates, LLC, of Columbia, for Appellant.

Derwood L. Aydlette, III, of Gignilliat Savitz & Bettis, LLP, of Columbia, for Respondents.

**PER CURIAM:** David Michael Hollis appeals the circuit court's dismissal of his claims for defamation and civil conspiracy. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      With respect to Hollis's defamation claim: *New York Times Co. v. Sullivan*, 376 U.S. 254, 283 (1964) (holding public officials must prove actual malice to succeed on defamation claim); *McClain v. Arnold*, 275 S.C. 282, 284, 270 S.E.2d 124, 125 (1980) ("[T]he status of a public official may be deemed sufficient to warrant application of the *New York Times* privilege, not because of the government employee's place on the totem pole, but because of the public interest in a government employee's activity in a particular context."); *id.* (adopting position of majority of jurisdictions that police officers are considered public officials); *State v. Crenshaw*, 274 S.C. 475, 478, 266 S.E.2d 61, 62 (1980) (discussing public officer in context of misconduct in office charge and indicating "[o]ne who is charged by law with duties involving an exercise of some part of the sovereign power, either small or great, in the performance of which the public is concerned, and which are continuing, and not occasional or intermittent, is a public officer" (quoting *Sanders v. Belue*, 78 S.C. 171, 174, 58 S.E. 762, 763 (1907))); *Kitchin ex rel. Kitchin v. Halifax Cnty*, 665 S.E.2d 760, 766 (N.C. Ct. App. 2008) (finding county's animal control lead officer was public official and immune from suit because "[a]n animal control officer is a position created by statute, exercises a portion of sovereign power, and exercises discretion"); *Demby v. English*, 667 So. 2d 350, 354 (Fla. Dist. Ct. App. 1995) (holding county's animal control director was public official for defamation claim because she was "authorized to enforce county and state law, and pursuant to this authority she and the officers whom she directs are empowered to, among others, enter private property, impound people's pets, and issue citations carrying civil penalties").

2.      With respect to Hollis's civil conspiracy claim: *Angus v. Burroughs & Chapin*, 358 S.C. 498, 503, 596 S.E.2d 67, 70 (Ct. App. 2004) (holding an at-will employee may not bring an action for civil conspiracy to terminate employment against parties possessing the authority to fire the employee), *rev'd on other grounds*, 368 S.C. 167, 628 S.E.2d 261 (2006)); *Angus*, 368 S.C. at 170, 628 S.E.2d at 262 (holding action for civil conspiracy may not be maintained against public by public official because citizens are "not third-party interlopers" and public officials are "answerable to the public").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**