**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keeon Butler, Appellant.

Appellate Case No. 2012-212340

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2014-UP-467
Heard September 11, 2014 – Filed December 17, 2014

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia, for Respondent.

**PER CURIAM:** Keeon Butler was convicted of threatening the life of a public official under subsection 16-3-1040(A) of the South Carolina Code (2003) after he threatened to kill a guard at the South Carolina Department of Corrections. Butler

argues the guard was not a "public official" under South Carolina Code subsection 16-3-1040(E)(1) (2003), and thus his threat did not violate subsection 16-3-1040(A).

We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 16-3-1040(A) ("It is unlawful for a person knowingly and willfully to deliver or convey to a public official . . . any letter or paper, writing, print, missive, document, or electronic communication or verbal or electronic communication which contains a threat to take the life of or to inflict bodily harm upon the public official . . . or members of his immediate family if the threat is directly related to the public official's . . . professional responsibilities."); *State v. Bridgers*, 329 S.C. 11, 14, 495 S.E.2d 196, 198 (1997) (listing the criteria a court should consider "when distinguishing between public [officials] and public employees . . . 'whether the position was created by the Legislature; whether the qualifications for appointment are established; whether the duties, tenure, salary, bond and oath are prescribed or required [and] whether the one occupying the position is a representative of the sovereign'" (third alteration in original) (quoting *State v. Crenshaw*, 274 S.C. 475, 478, 266 S.E.2d 61, 62 (1980))); *id.* (stating "[n]o single criterion is dispositive and not all the criteria are necessary to find that an individual is a public [official]"); S.C. Code Ann. § 24-1-280 (2007) ("An employee of the South Carolina Department of Corrections . . . whose assigned work location is one of the correctional facilities of the Department . . ., while performing his officially assigned duty relating to the custody, control, transportation, or recapture of an inmate within the jurisdiction of his department, . . . has the status of a peace officer anywhere in the State in any matter relating to the custody, control, transportation, or recapture of the inmate.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**